IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSEPH NETTI,

    Plaintiff,

vs.                                      CASE NO.:

BEST BUY STORES, L.P.,

    Defendant.
_____/

## **DEFENDANT BEST BUY STORES, L.P.'S NOTICE OF REMOVAL**

Defendant, Best Buy Stores, L.P. (hereinafter "Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1446, files with this Court a Notice of Removal of the above-captioned matter from the Eighth Judicial Circuit, in and for Alachua County, Florida. In support of the removal of this action, Defendant states as follows:

1.    Plaintiff, Joseph Netti ("Plaintiff" or "Mr. Netti"), has filed a civil action in the Circuit Court, Eighth Judicial Circuit, in and for Alachua County, Florida, Case No. 2022-CA-1925, for claimed injuries due to an incident in which Mr. Netti allegedly tripped and fell while on Defendant's premises on May 17, 2021 in Alachua County, Florida (Complaint ¶ 8). True and correct copies of all process and pleadings served by or upon Defendant, as provided by 28 U.S.C. § 1446(a), are attached hereto as EXHIBIT "A".

2. Defendant removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441.

3. At the time of the incident alleged in Plaintiff's Complaint, Plaintiff was a citizen and resident of Marion County, Florida. Defendant has attached a Westlaw report conducted on Plaintiff (EXHIBIT "B"). The report states Plaintiff's current address is in Ocala, Florida, which is, according to Westlaw, the address where Plaintiff has resided since 2007 and the address provided on Plaintiff's motor vehicle registration. In addition, the Westlaw report shows that Plaintiff was issued a Social Security number in the State of Florida and has not been associated with any addresses outside of the State of Florida.

4. Defendant contends the foregoing sufficiently shows Plaintiff's "true, fixed and permanent home and principal establishment . . . to which [she has] the intention of returning whenever [she is] absent therefrom" is her home within the State of Florida. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

5. Defendant has also received some of Plaintiff's medical bills associated with his alleged injuries. These records show the Plaintiff provided an address located in Ocala, Marion County, Florida. Medical Bills from Advanced Ambulatory Surgery Center, Alachua County Fire Rescue, Carefirst Imaging, National Spine Institute, Ocala Family Medicine, Ocala Spine & Injury, R2 Medical, Smiles at

Healthbrook, Statmed Quality Care Clinic, and University of Florida Shands Hospital, are attached hereto as EXHIBIT "C".

6.  Defendant contends the foregoing sufficiently shows Plaintiff's "true, fixed and permanent home and principal establishment . . . to which [he] has the intention of returning whenever he is absent therefrom" is his home within the State of Florida. See McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

7.  Defendant Best Buy Stores, L.P., at all relevant times, has been a domiciliary of the State of Minnesota, is incorporated in Virginia, and has its principal place of business in Minnesota.

8.  The Complaint alleges the Plaintiff's damages "exceed $30,000.00 . . . ." (Complaint ¶ 1). In addition, Plaintiff's Civil Cover Sheet alleges that the estimated amount of the claim is in excess of $100,000.00. Plaintiff's claimed damages include: "bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition" (Id. ¶ 13). Plaintiff claims these losses are either permanent or continuing. (Id.).

9.  Following the filing of the lawsuit, Plaintiff provided medical bills and records on August 16, 2022. Plaintiff's email is attached hereto as EXHIBIT "D".

3

Defendant does not yet have all of Plaintiff's medical bills, but medical bills that were provided by Plaintiff amount to a total $383,586.32. The breakdown of the bills provided by Plaintiff are as follows:

| | |
|---|---|
| Advanced Ambulatory Surgery | $ 73,130.00 |
| Alachua County Fire Rescue | $ 1,045.00 |
| Care First Imaging 7/12/21 | $ 3,000.00 |
| Care First Imaging 3/15/22 | $ 1,950.00 |
| National Spine Institute | $ 284,031.09 |
| Ocala Family Medical | $ 299.32 |
| Ocala Spine Injury 5/24/21 | $ 5,668.60 |
| Ocala Spine Injury 5/28/21 | $ 510.00 |
| Ocala Spine Injury 8/31/21 | $ 5,609.00 |
| UF Health Shands | $ 3,862.71 |
| Smiles at Healthbrook | $ 771.60 |
| UF Health Physicians | $ 946.00 |
| StatMed Quick Quality Care Clinic | $ 2,663.00 |
| R2 Medical | $ 100.00 |
| **TOTAL** | **$ 383,586.32** |

The bills are attached hereto as EXHIBIT "C". Records provided by Plaintiff on August 16, 2022 additionally indicate that the Plaintiff is alleging injuries to his neck and lower back and underwent surgery on his cervical spine on October 29, 2021. The operative report has been attached hereto as EXHIBIT "E".

10.    Based on the foregoing, the claimed damages and amount in controversy in this case are well above the $75,000.00 jurisdictional requirement.

11.    Defendant has filed this Notice of Removal within thirty (30) days of receipt of records and medical bills indicating that Plaintiff's alleged damages well exceed the $75,000.00 jurisdictional requirement.

12. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of this removal to all parties and has filed a copy of this Notice of Removal in the Circuit Court, Eighth Judicial Circuit, in and for Alachua County, Florida.

13. The United States District Court for the Northern District of Florida, Gainesville Division, encompasses the location of the State Court action. Thus, Defendant may properly remove the State Court action to this District Court pursuant to 28 U.S.C. §1441(a).

14. The amount in controversy in this case is greater than $75,000.00 exclusive of interest and costs, and there is complete diversity between the parties. Therefore, this United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332.

15. Pursuant to the rules of this Court, Defendant has submitted the $400.00 filing fee.

WHEREFORE, the Defendant respectfully requests that this Court accept the removal of this action from the Circuit Court, Eighth Judicial Circuit, in and for Alachua County, Florida.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and

furnished to the following named addressees via email on this 15th day of September, 2022:

**Jared D. Comstock, Esquire**
Morgan & Morgan
104 North Main Street – 5th Floor
Gainesville, FL 32601
Phone: 352-204-4729
Fax: 352-204-4755
jcomstock@forthepeople.com;
ashealy@forthepeople.com
*Attorneys for Plaintiff*

                **SAALFIELD SHAD, P.A.**

                /s/ Joseph B. Stokes, III
                _____
                **JOSEPH B. STOKES, III, ESQUIRE**
                Florida Bar Number: 897183
                Email (Primary) jstokes@saalfieldlaw.com
                Email (Secondary) skiesow@saalfieldlaw.com;
                ddiguiseppe@saalfieldlaw.com
                245 Riverside Avenue, Suite 400
                Jacksonville, FL 32202
                904-355-4401 (phone)
                904-355-3503 (facsimile)
                *Attorneys for Defendant*