



COMPREHENSIVE CASE INFORMATION SYSTEM
J.K. "Jess" Irby, Esq., Clerk of the Circuit Court and Comptroller
ALACHUA COUNTY

Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 012022CA001925XXXXXX [8255620] | 06/28/2022 | | ALACHUA | CIRCUIT CIVIL | OPEN | No | Yes |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 06/28/2022 | NEG - PREMISES LIABILITY COMMERCIAL | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| KEIM, DONNA MICHELLE | JUDGE | | |
| NETTI, JOSEPH | PLAINTIFF | COMSTOCK, JARED DUSTIN | 95937 |
| BEST BUY STORES L.P. | DEFENDANT | STOKES, JOSEPH BAILEY | 897183 |

### Dockets

Page : 1      10 ⌄

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | | 08/10/2022 | DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF JOSEPH NETTI | 4 |
| | | 08/10/2022 | NOTICE OF SERVICE OF DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF JOSEPH NETTI | 2 |
| | | 08/03/2022 | DEFENDANT, BEST BUY STORES, L.P., ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT | 3 |
| | | 07/21/2022 | NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES FOR SERVICE OF DOCUMENTS | 2 |
| | | 07/19/2022 | RETURN OF SERVICE ON SUMMONS SERVED ON 7/14/2022 AS TO BEST BUY STORES, L.P. | 2 |
| | 5 | 06/27/2022 | PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT | 6 |
| | 4 | 06/27/2022 | NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT | 1 |
| | 2 | 06/27/2022 | CIVIL COVER SHEET - JURY TRIAL REQUESTED | 3 |
| | 6 | 06/27/2022 | SUMMONS ISSUED - WITH FEE BEST BUY STORES L.P. (DEFENDANT); Receipt: 487069 Date: 06/28/2022 | 1 |
| | 1 | 06/27/2022 | COMPLAINT Receipt: 487069 Date: 06/28/2022 | 3 |

### Judge Assignment History

### Court Events

### Financial Summary

### Reopen History



EXHIBIT
A

## IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
## IN AND FOR ALACHUA COUNTY, FLORIDA

JOSEPH NETTI,

        Plaintiff,

vs.

CASE NO.:    **2022 CA 1925**

BEST BUY STORES, L.P.,

        Defendant.

_____/

## <u>COMPLAINT</u>

Plaintiff, JOSEPH NETTI, by and through his undersigned attorney, sues Defendant, BEST BUY STORES, L.P., and alleges:

1.    This is an action for damages that exceed the sum of thirty thousand dollars ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.    Defendant, BEST BUY STORES, L.P., is a Virginia limited partnership doing business in Gainesville, Alachua County, Florida.

3.    At all times material, Defendant was the owner and/or in possession and control of that certain business located at 3750 SW Archer Road, Gainesville, Florida, open to the general public, including the Plaintiff herein.

4.    On or about May 17, 2021, Plaintiff visited Defendant's premises located at the above address as a business invitee and/or guest.

5.    At said time and place, Plaintiff was in or near the bay where Defendant's employees and/or agents install electronics in vehicles.

6.    At said time and place, one of Defendant's employee or agent was operating Plaintiff's motor vehicle.

"2022 CA 001925" 152193564 Filed at Alachua County Clerk 06/27/2022 08:15:00 AM EDT

7.     Defendant's employee or agent was not mindful of his or her surroundings and put the motor vehicle in reverse and began moving towards Plaintiff.

8.     Plaintiff stepped back to avoid being hit the motor vehicle operated by Defendant's employee or agent, tripped over a curb, fell, and sustained injuries.

9.     At said time and place, Defendant's employee or agent owed Plaintiff a duty to exercise reasonable care for the safety of others, including the Plaintiff.

10.     Defendant's employee or agent breached the duty owed to Plaintiff by operating the motor vehicle in an unsafe manner, not paying attention to his or her surroundings, and driving the motor vehicle towards Plaintiff as described in paragraphs 5-8, above.

11.     At all times material, Defendant's employee or agent described in paragraphs 6-10, above, was acting within the course and scope of his or her employment or agency, either actual or apparent.

12.     Defendant is vicariously liable for the negligent acts or omissions of its employee or agent pursuant to the doctrine of *respondeat superior*.

13.     As a direct and proximate result of the foregoing negligence, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, and interest where applicable, and such other relief as the Court may deem just.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all issues so triable.

**MORGAN & MORGAN**

*/s/ Jared D. Comstock*
Jared D. Comstock, Esq.
Florida Bar No.: 95937
104 N. Main Street – 5th Floor
Gainesville, Florida 32601
Phone: (352) 204-4729
Facsimile: (352) 204-4755
Email: jcomstock@forthepeople.com
         ashealy@forthepeople.com
Attorney for Plaintiff

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA**

JOSEPH NETTI,

       Plaintiff,

vs.

CASE NO.:   **2022 CA 1925**

BEST BUY STORES, L.P.,

       Defendant.

_____/

**SUMMONS**

THE STATE OF FLORIDA:
To all and singular sheriffs of said state:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, and Request for Production in the above-styled cause upon the Defendant:

**Best Buy Stores, L.P.
c/o C T Corporation System, registered agent
1200 South Pine Island Road
Plantation, FL 33324**

     Each Defendant is required to serve written defenses to the Complaint or Petition on **Jared D. Comstock, Esq., Plaintiff's Attorney, whose address is Morgan & Morgan, 104 N. Main Street, Suite 500, Gainesville, FL 32601**, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

     DATED on   __28TH__ day of __JUNE__, 2022

                      J.K. "JESS" IRBY, ESQ.
                      Clerk of the Circuit Court

                      By_____
                          As Deputy Clerk

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

_____

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>EIGHTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>ALACHUA</u>  COUNTY, FLORIDA

<u>Joseph Netti</u>
Plaintiff                                              Case # _____
                                                       Judge  _____

vs.
<u>Best Buy Stores, L.P.</u>
Defendant

_____

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE        (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☒ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**     **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☐ Nonmonetary declaratory or injunctive relief;
    ☐ Punitive

    **V.**     **NUMBER OF CAUSES OF ACTION:** [  ]
    (Specify)

    <u>1</u>

    **VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

    **VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

    **IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jared D Comstock</u>        Fla. Bar # <u>95937</u>
        Attorney or party                     (Bar # if attorney)

<u>Jared D Comstock    </u>        <u>06/26/2022</u>
  (type or print name)             Date

## IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
## IN AND FOR ALACHUA COUNTY, FLORIDA

JOSEPH NETTI,

        Plaintiff,

vs.

CASE NO.:

BEST BUY STORES, L.P.,

        Defendant.

_____/

## NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, JOSEPH NETTI, by and through her undersigned attorney, propounds the First Set of Interrogatories to Defendant, numbered 1 through 20, to Defendant, BEST BUY STORES, L.P., pursuant to Florida Rule of Civil Procedure 1.340, to be answered in writing and under oath on or before forty-five (45) days from the date of service hereof.

## CERTIFICATE OF SERVICE

I certify that copy of the foregoing has been served on the Defendant by legal process with the Summons and Complaint.

MORGAN & MORGAN

/s/ Jared D. Comstock
Jared D. Comstock, Esq.
Florida Bar No.: 95937
Attorney for the Plaintiffs
104 N. Main Street – 5th Floor
Gainesville, Florida 32601
Phone: (352) 204-4728
Facsimile: (352) 204-4755
Primary email: jcomstock@forthepeople.com
Secondary email: ashealy@forthepeople.com

## IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
## IN AND FOR ALACHUA COUNTY, FLORIDA

JOSEPH NETTI,

      Plaintiff,

vs.

                                 CASE NO.:

BEST BUY STORES, L.P.,

      Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, JOSEPH NETTI, by and through the undersigned counsel, hereby requests that Defendant, BEST BUY STORES, L.P., produce for inspection or copying the documents set forth below.  Defendant shall produce these documents at 104 N Main Street, Suite 500, Gainesville FL 32601 within forty-five (45) days after service of this Request for Production.

### I. Definitions

A.    As used throughout this Request to Produce, the following terms are defined as follows:

B.    "Document" is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic

matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.     "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.     If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.     "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F.     "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents,

representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

  G. "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

  H. As may be used in these Request "and" is conjunctive (meaning, e.g., A <u>and</u> B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

  I. As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## **II. Claim of Privilege**

  If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

  1. Description sufficient to identify.

  2. The date(s).

  3. The subject matter(s).

  4. The sender(s) or author(s).

  5. The recipient(s).

6. The persons to whom copies were furnished, together with their job titles.

7. The present depository or person having custody of the document.

8. The nature and basis of privilege or immunity claimed.

9. The paragraph(s) of this request to which each such document or statement relates or corresponds.

### III.  Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

### IV.  Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce, and shall be made at the offices of Morgan & Morgan, 104 N Main Street, Suite 500, Gainesville FL 32601, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

### DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1. All statements made by any witnesses to the incident described in the Complaint.

2. All statements made by the Plaintiff pertaining to or concerning the subject matter.

3. All photographs related to the incident described in the Complaint.

4. A copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or

reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

5.      A copy of any incident/accident report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject accident.

6.      All video of the incident described in the Complaint.

7.      A copy of all of Defendant's policies and procedures pertaining to the safety of customers.

8.      A copy of all of Defendant's safety manuals, guidelines, rules, policies, literature, regulations, procedures, or other written documents provided to Defendant's employees.

9.      A copy of the complete personnel file for the individual described in paragraphs 6-8 of the Complaint.

10.     A true and correct copy of any and all written complaints or documents showing claims or complaints made within the last five (5) years for incidents substantially similar to that alleged in the Complaint.

11.     A copy of all training materials provided to the employee described in paragraphs 6-8 of the Complaint.

12.     Any and all footage from CCTV/security/surveillance cameras that depict the events alleged in the complaint.

13.     A copy of the results of the post-incident drug test for the person described in paragraphs 6 through 8 of the Complaint related to the incident described in the Complaint.

## CERTIFICATE OF SERVICE

I certify that copy of the foregoing has been served on the Defendant by legal process with the Summons and Complaint.

**MORGAN & MORGAN**

*/s/ Jared D. Comstock*
Jared D. Comstock, Esq.
Florida Bar No.: 95937
104 N. Main Street – 5th Floor
Gainesville, Florida 32601
Phone: (352) 204-4729
Facsimile: (352) 204-4755
Email: jcomstock@forthepeople.com
        ashealy@forthepeople.com
Attorney for Plaintiff

## RETURN OF SERVICE

State of Florida                      County of Alachua                              Circuit Court

Case Number: 2022 CA 001925

Plaintiff:
**JOSEPH NETTI**


FAM2022012981

vs.

Defendant:
**BEST BUY STORES, L.P.**

For:
Jared Comstock, Esq.
Morgan & Morgan
104 N. Main Street
Suite 500
Gainesville, FL 32601

Received by Family & Court Services LLC on the 12th day of July, 2022 at 9:06 am to be served on **BEST BUY STORES, L.P. C/O C T CORPORATION SYSTEM, REGISTERED AGENT, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, Yadira Maceira, do hereby affirm that on the **14th day of July, 2022 at 11:58 am, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS, STANDING CASE MANAGEMENT ORDER, CIVIL COVER SHEET, COMPLAINT, REQUEST TO PRODUCE, NOTICE OF SERVICE OF INTERROGATORIES, and INTERROGATORIES** with the date and hour of service endorsed thereon by me, to: **Donna Moch as Supervisor/Authorized To Accept Service** for **BEST BUY STORES, L.P.,** at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50+, Sex: F, Race/Skin Color: White, Height: 5'3", Weight: 140, Hair: Dark Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the jurisdiction which the process was served. Under penalty of perjury, I declare that I have read the foregoing Affidavit of Service and that the facts stated in it are true.                                                     NOTARY NOT
REQUIRED PURSUANT TO F.S.92.525(2).

Yadira Maceira
762

**Family & Court Services LLC**
**725 E Alfred Street**
**Tavares, FL 32778**
**(352) 343-3991**

Our Job Serial Number: FAM-2022012981
Ref: 11675601

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2f

Date Served 7/14/22
Time Served: 11:58 AM
CPS: Y.M. #762

## IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
## IN AND FOR ALACHUA COUNTY, FLORIDA

JOSEPH NETTI,

      Plaintiff,

vs.

CASE NO.:    2022 CA 1925

BEST BUY STORES, L.P.,

      Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, and Request for Production in the above-styled cause upon the Defendant:

**Best Buy Stores, L.P.**
**c/o C T Corporation System, registered agent**
**1200 South Pine Island Road**
**Plantation, FL 33324**

      Each Defendant is required to serve written defenses to the Complaint or Petition on **Jared D. Comstock, Esq., Plaintiff's Attorney, whose address is Morgan & Morgan, 104 N. Main Street, Suite 500, Gainesville, FL 32601**, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

      DATED on ___28TH___ day of _____JUNE_____, 2022

J.K. "JESS" IRBY, ESQ.
Clerk of the Circuit Court

By _____
      As Deputy Clerk

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:    2022 CA 1925

JOSEPH NETTI,

     Plaintiff,

vs.

BEST BUY STORES, L.P.,

     Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION
## OF EMAIL ADDRESSES FOR SERVICE OF DOCUMENTS

COMES NOW, Joseph B. Stokes, III, Esquire, of SAALFIELD SHAD, P.A., and files this Notice of Appearance as attorney of record in the above-captioned matter on behalf of the Defendant, BEST BUY STORES, L.P.

Pursuant to Florida Rule of Judicial Administration 2.516(1)(A), Defendant hereby gives notice of the primary and secondary email addresses of its counsel as follows:

| | |
|---|---|
| Counsel's Name | Joseph B. Stokes, III |
| Primary Email Address: | jstokes@saalfieldlaw.com |
| Secondary Email Addresses: | skiesow@saalfieldlaw.com<br>ddiguiseppe@saalfieldlaw.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 21st day of July, 2022:

Jared D. Comstock, Esquire
Morgan & Morgan

104 North Main Street – 5th Floor
Gainesville, FL 32601
Phone: 352-204-4729
Fax: 352-204-4755
jcomstock@forthepeople.com;
ashealy@forthepeople.com
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

/s/ Joseph B. Stokes, III

_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) skiesow@saalfieldlaw.com;
ddiguiseppe@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
*Attorneys for Defendant*

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:    2022 CA 1925

JOSEPH NETTI,

      Plaintiff,

vs.

BEST BUY STORES, L.P.,

      Defendant.

_____/

## **DEFENDANT, BEST BUY STORES, L.P., ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

      Defendant, BEST BUY STORES, L.P., by and through its undersigned attorneys, hereby responds to Plaintiff's Complaint as follows:

1. Admitted for jurisdictional purposes only.

2. Admitted.

3. Admitted that BEST BUY STORES, L.P. operated a store located at 3750 SW Archer Road, Gainesville, Florida, otherwise denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in Paragraph 11 of the Complaint, therefore denied.

12. Denied.

13. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff was himself negligent, which negligence was the proximate or contributing cause of his injury and/or injuries. Therefore, any recovery in this action should be reduced on a pro rata basis based upon the degree of his negligence.

### Second Affirmative Defense

This Defendant is entitled to a set-off for any and all benefits received by the Plaintiff from any collateral source as defined by applicable Florida Statutes and case law.

### Third Affirmative Defense

The Plaintiff has failed to mitigate his damages in this case, which failure to mitigate should reduce her claim for damages in direct proportion thereto.

### Fourth Affirmative Defense

Plaintiff's damages were caused by the negligence of non-parties to this litigation and pursuant to applicable Florida law, said non-parties to this litigation, whose negligence may have been a contributing proximate cause to the Plaintiff's damages, should be named on the verdict and judgment entered based on the respective degrees of negligence of the various entities.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all issues so triable.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 3rd day of August, 2022:

**Jared D. Comstock, Esquire**
Morgan & Morgan
104 North Main Street – 5th Floor
Gainesville, FL 32601
Phone: 352-204-4729
Fax: 352-204-4755
jcomstock@forthepeople.com;
ashealy@forthepeople.com
*Attorneys for Plaintiff*

                             **SAALFIELD SHAD, P.A.**

                             /s/ Joseph B. Stokes, III

                             _____
                             **JOSEPH B. STOKES, III, ESQUIRE**
                             Florida Bar Number: 897183
                             Email (Primary) jstokes@saalfieldlaw.com
                             Email (Secondary) skiesow@saalfieldlaw.com;
                             ddiguiseppe@saalfieldlaw.com
                             245 Riverside Avenue, Suite 400
                             Jacksonville, FL 32202
                             904-355-4401 (phone)
                             904-355-3503 (facsimile)
                             *Attorneys for Defendant*

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:    2022 CA 1925

JOSEPH NETTI,

      Plaintiff,

vs.

BEST BUY STORES, L.P.,

      Defendant.

_____/

## NOTICE OF SERVICE OF DEFENDANT'S
## FIRST INTERROGATORIES TO PLAINTIFF JOSEPH NETTI

Defendant, BEST BUY STORES, L.P., hereby gives notice that Defendant's
Interrogatories to Plaintiff, **JOSEPH NETTI**, numbered one (1) through twenty-eight (28), have
been served upon Plaintiff, c/o Jared D. Comstock, Esquire, by Electronic Mail.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with
the Clerk of the Court by using the Florida Courts Portal system and furnished to the following
named addressees via email on this 10th day of August, 2022:

Jared D. Comstock, Esquire
Morgan & Morgan
104 North Main Street – 5th Floor
Gainesville, FL 32601
Phone: 352-204-4729
Fax: 352-204-4755
jcomstock@forthepeople.com;
ashealy@forthepeople.com
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

/s/ Joseph B. Stokes, III

**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) ddiguiseppe@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
***Attorneys for Defendant***

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:    2022 CA 1925

JOSEPH NETTI,

     Plaintiff,

vs.

BEST BUY STORES, L.P.,

     Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF JOSEPH NETTI

Defendant, BEST BUY STORES, L.P., by and through its undersigned attorneys, hereby requests pursuant to Rule 1.350, Florida Rules of Civil Procedure, that Plaintiff, **JOSEPH NETTI** produce and permit Defendant to inspect and copy each of the following documents:

1.     Medical bills, including but not limited to doctors, hospitals and prescriptions arising out of the alleged injuries which are the subject of your Complaint.

2.     Income tax returns for the years 2016 through 2020, including W-2 forms filed.

3.     Hospital records concerning any and all hospitalizations arising out of the alleged injuries to Plaintiff which are in your or your attorney's possession, custody or control.

4.     Medical records from any doctors, nurses or other health care providers who have seen and/or treated Plaintiff as a result of the alleged injuries pled in the Complaint.

5.     Medical reports, opinions or other written memoranda from doctors, nurses or other health care providers, or expert witnesses containing information concerning the injuries and/or damages allegedly sustained by Plaintiff which are in your or your attorney's possession, custody or control.

6.      Any and all photographs or video taken in relation to this incident.

7.      Any and all statements obtained in relation to this case.

8.      All documents which you anticipate you may utilize as exhibits in the trial of this matter.

9.      A copy of the front and back of all health insurance cards including Medicare, Medicaid, and/or private health insurance carriers in possession of the Plaintiff at the time of the accident and anytime thereafter.

10.     All documents and payment information made by third party/collateral source lien holders received by Plaintiff or Plaintiff's counsel in connection with the subject accident.

11.     All documents sent by Plaintiff's counsel to any collateral source lien holders advising them of the subject accident and/or putting said collateral source lien holder on notice.

12.     All documents sent by Plaintiff or received by Plaintiff in connection with any disability insurance in effect at the time of the subject accident.

13.     An original Consent to Release directed to Centers for Medicare & Medicaid Services (CMS) executed by Plaintiff. (Attached hereto).

14.     An original Consent for Release of Information directed to Social Security Administration executed by Plaintiff. (Attached hereto).

15.     An original Authorization for the Use and Disclosure of Protected Health Information directed to Florida Medicaid TPL Recovery Program executed by Plaintiff. (Attached hereto).

16.     An original Request for Copy of Tax Return IRS Form 4506 directed to the Internal Revenue Service executed by Plaintiff. (Attached hereto).

2

17.     Copies of all records related to any mental health treatment received by Plaintiff in the last ten (10) years, including but not limited to, psychologists, psychiatrists, counselors or therapists. This request specifically includes records of treatment for substance abuse, dependency or addiction.

18.     The shoes worn by the Plaintiff at the time of the incident alleged in Plaintiff's Complaint.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 10th day of August, 2022:

Jared D. Comstock, Esquire
Morgan & Morgan
104 North Main Street – 5th Floor
Gainesville, FL 32601
Phone: 352-204-4729
Fax: 352-204-4755
jcomstock@forthepeople.com;
ashealy@forthepeople.com
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

/s/ Joseph B. Stokes, III

_____

**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) ddiguiseppe@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
*Attorneys for Defendant*

Filing # 157455231 E-Filed 09/15/2022 09:31:38 AM

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:    2022 CA 1925

JOSEPH NETTI,

       Plaintiff,

vs.

BEST BUY STORES, L.P.,

       Defendant.

_____/

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

    Defendant, Best Buy Stores, L.P., by and through its undersigned attorneys, and pursuant

to 28 U.S.C. §1332, §1441, and §1446, hereby gives notice that it has this date filed with the U.S.

District Court for the Northern District of Florida, Gainesville Division, a Notice of Removal.  A

copy of the Notice of Removal (without Exhibits) is attached hereto as Exhibit "A."

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 15th day of September, 2022:

**Jared D. Comstock, Esquire**
Morgan & Morgan
104 North Main Street – 5th Floor
Gainesville, FL 32601
Phone: 352-204-4729
Fax: 352-204-4755
jcomstock@forthepeople.com;
ashealy@forthepeople.com
***Attorneys for Plaintiff***

**SAALFIELD SHAD, P.A.**

/s/ Joseph B. Stokes, III
_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) skiesow@saalfieldaw.com;
ddiguiseppe@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
*Attorneys for Defendant*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSEPH NETTI,

     Plaintiff,

vs.                            CASE NO.:

BEST BUY STORES, L.P.,

     Defendant.

_____/

## DEFENDANT BEST BUY STORES, L.P.'S NOTICE OF REMOVAL

Defendant, Best Buy Stores, L.P. (hereinafter "Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1446, files with this Court a Notice of Removal of the above-captioned matter from the Eighth Judicial Circuit, in and for Alachua County, Florida.   In support of the removal of this action, Defendant states as follows:

     1.     Plaintiff, Joseph Netti ("Plaintiff" or "Mr. Netti"), has filed a civil action in the Circuit Court, Eighth Judicial Circuit, in and for Alachua County, Florida, Case No. 2022-CA-1925, for claimed injuries due to an incident in which Mr. Netti allegedly tripped and fell while on Defendant's premises on May 17, 2021 in Alachua County, Florida (Complaint ¶ 8). True and correct copies of all process and pleadings served by or upon Defendant, as provided by 28 U.S.C. § 1446(a), are attached hereto as EXHIBIT "A".

EXHIBIT

A

2.      Defendant removes this action on the basis of diversity jurisdiction
pursuant to 28 U.S.C. § 1332 and § 1441.

3.      At the time of the incident alleged in Plaintiff's Complaint, Plaintiff
was a citizen and resident of Marion County, Florida. Defendant has attached a
Westlaw report conducted on Plaintiff (EXHIBIT "B"). The report states Plaintiff's
current address is in Ocala, Florida, which is, according to Westlaw, the address
where Plaintiff has resided since 2007 and the address provided on Plaintiff's motor
vehicle registration. In addition, the Westlaw report shows that Plaintiff was issued
a Social Security number in the State of Florida and has not been associated with
any addresses outside of the State of Florida.

4.      Defendant contends the foregoing sufficiently shows Plaintiff's "true,
fixed and permanent home and principal establishment . . . to which [she has] the
intention of returning whenever [she is] absent therefrom" is her home within the
State of Florida. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir.
2002).

5.      Defendant has also received some of Plaintiff's medical bills associated
with his alleged injuries. These records show the Plaintiff provided an address
located in Ocala, Marion County, Florida. Medical Bills from Advanced Ambulatory
Surgery Center, Alachua County Fire Rescue, Carefirst Imaging, National Spine
Institute, Ocala Family Medicine, Ocala Spine & Injury, R2 Medical, Smiles at

2

Healthbrook, Statmed Quality Care Clinic, and University of Florida Shands Hospital, are attached hereto as EXHIBIT "C".

6.     Defendant contends the foregoing sufficiently shows Plaintiff's "true, fixed and permanent home and principal establishment . . . to which [he] has the intention of returning whenever he is absent therefrom" is his home within the State of Florida. See McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

7.     Defendant Best Buy Stores, L.P., at all relevant times, has been a domiciliary of the State of Minnesota, is incorporated in Virginia, and has its principal place of business in Minnesota.

8.     The Complaint alleges the Plaintiff's damages "exceed $30,000.00 . . . ." (Complaint ¶ 1). In addition, Plaintiff's Civil Cover Sheet alleges that the estimated amount of the claim is in excess of $100,000.00. Plaintiff's claimed damages include: "bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition" (Id. ¶ 13). Plaintiff claims these losses are either permanent or continuing. (Id.).

9.     Following the filing of the lawsuit, Plaintiff provided medical bills and records on August 16, 2022. Plaintiff's email is attached hereto as EXHIBIT "D".

Defendant does not yet have all of Plaintiff's medical bills, but medical bills that were provided by Plaintiff amount to a total $383,586.32. The breakdown of the bills provided by Plaintiff are as follows:

| | |
|---|---|
| Advanced Ambulatory Surgery | $ 73,130.00 |
| Alachua County Fire Rescue | $ 1,045.00 |
| Care First Imaging 7/12/21 | $ 3,000.00 |
| Care First Imaging 3/15/22 | $ 1,950.00 |
| National Spine Institute | $ 284,031.09 |
| Ocala Family Medical | $ 299.32 |
| Ocala Spine Injury 5/24/21 | $ 5,668.60 |
| Ocala Spine Injury 5/28/21 | $ 510.00 |
| Ocala Spine Injury 8/31/21 | $ 5,609.00 |
| UF Health Shands | $ 3,862.71 |
| Smiles at Healthbrook | $ 771.60 |
| UF Health Physicians | $ 946.00 |
| StatMed Quick Quality Care Clinic | $ 2,663.00 |
| R2 Medical | $ 100.00 |
| **TOTAL** | **$ 383,586.32** |

The bills are attached hereto as EXHIBIT "C". Records provided by Plaintiff on August 16, 2022 additionally indicate that the Plaintiff is alleging injuries to his neck and lower back and underwent surgery on his cervical spine on October 29, 2021. The operative report has been attached hereto as EXHIBIT "E".

10.   Based on the foregoing, the claimed damages and amount in controversy in this case are well above the $75,000.00 jurisdictional requirement.

11.   Defendant has filed this Notice of Removal within thirty (30) days of receipt of records and medical bills indicating that Plaintiff's alleged damages well exceed the $75,000.00 jurisdictional requirement.

4

12.    Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of this removal to all parties and has filed a copy of this Notice of Removal in the Circuit Court, Eighth Judicial Circuit, in and for Alachua County, Florida.

13.    The United States District Court for the Northern District of Florida, Gainesville Division, encompasses the location of the State Court action.  Thus, Defendant may properly remove the State Court action to this District Court pursuant to 28 U.S.C. §1441(a).

14.    The amount in controversy in this case is greater than $75,000.00 exclusive of interest and costs, and there is complete diversity between the parties. Therefore, this United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332.

15.    Pursuant to the rules of this Court, Defendant has submitted the $400.00 filing fee.

WHEREFORE, the Defendant respectfully requests that this Court accept the removal of this action from the Circuit Court, Eighth Judicial Circuit, in and for Alachua County, Florida.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and

furnished to the following named addressees via email on this 15th day of September,

2022:

**Jared D. Comstock, Esquire**
Morgan & Morgan
104 North Main Street – 5th Floor
Gainesville, FL 32601
Phone: 352-204-4729
Fax: 352-204-4755
jcomstock@forthepeople.com;
ashealy@forthepeople.com
***Attorneys for Plaintiff***

        **SAALFIELD SHAD, P.A.**

        /s/ Joseph B. Stokes, III
        _____
        **JOSEPH B. STOKES, III, ESQUIRE**
        Florida Bar Number: 897183
        Email (Primary) jstokes@saalfieldlaw.com
        Email (Secondary) skiesow@saalfieldlaw.com;
        ddiguiseppe@saalfieldlaw.com
        245 Riverside Avenue, Suite 400
        Jacksonville, FL 32202
        904-355-4401 (phone)
        904-355-3503 (facsimile)
        ***Attorneys for Defendant***